**Petition for Naturalization of Vincent RODRIGUES.**
**Petition No. 141402.**

United States District Court
N. D. California, S. D.
March 8, 1961.

———◆———

Vincent Rodrigues, in pro. per.

Daniel H. Lyons, Naturalization Examiner, San Francisco, Cal., for Immigration and Naturalization Service.

WOLLENBERG, District Judge.

The question here presented is whether the petitioner having applied for an exemption from military service because of alienage executed the application for exemption under circumstances which would make the petitioner ineligible for United States citizenship under § 3(a) of the Selective Training and Service Act of 1940, as amended [1], and the provisions of § 315 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1426.

Petitioner, a native of the Madeira Islands, a subject of Portugal, age sixty-one years, has resided continuously in the United States since his lawful entry for permanent residence on August 9, 1934. He filed his petition for naturalization on February 18, 1960. Previously, on September 20, 1956, he had filed a petition, which petition he withdrew. Petitioner was registered with Local Draft Board No. 39, Braintree, Norfolk County, Massachusetts, in accordance with the provisions of the Selective Training and Service Act of 1940, and on December 7, 1942, he made, executed and filed with his Draft Board his Application for Relief from Military Service; thereafter, on December 12, 1942, he was granted such relief by said Draft Board, and placed in Class IV–C, that of a neutral requesting relief from military service.

Petitioner's claim now made to this court is that he was never informed of the consequences of his act in signing his application for relief from military service. The forms executed by petitioner plainly state upon their face that the execution of the application and the making of such claim for relief will debar the person making the claim from becoming a citizen of the United States. Petitioner has failed to submit any evidence except his general statement that he did not understand the consequences of his act in executing the application. It is to be noted that in his statement originally made to the Draft Board he unequivocally states that at that time he did not intend to remain in the United States but would return to Portugal at the end of the war. This expression of intention controverts his present claim that he did not understand the consequences of his act in executing the application for military exemption. Moser v. United States, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729, holds that an alien, considering all of the circumstances of the case, must be shown to have knowingly and intentionally waived his rights to citizenship. The petitioner, under all the facts, must have

[1]. Now 50 U.S.C.A.Appendix, § 454.

 

had an opportunity to make an intelligent election between the diametrically opposed courses required as a matter of strict law. The record herein and petitioner's statements to his Draft Board all indicate that petitioner had an opportunity to make an intelligent election, and that he chose to claim exemption from military service with knowledge of the resultant disability placed upon him.

Under these circumstances, the findings of fact and conclusions of law of the Naturalization Examiner are proper and correct, and adopted by this court.

Petition denied.